IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATE LASSILA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV159 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF WAYNE, and LANCE WEBSTER, Police Chief, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Lance Webster's motion to dismiss, Filing No. 18. This is an action for gender and disability discrimination in employment under Title VII of the Civil Rights Act ("Title VII), 42 U.S.C.A. §§ 2000e to 2000e-17, the Americans with Disabilities Act ("ADA"), 29 U.S.C.A. § 12101, *et seq.*, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1104. The plaintiff also alleges violations of the Family and Medical Leave Act, 29 U.S.C.A. § 2615.

In his motion to dismiss, defendant Webster argues that Title VII, ADA and NEFPA claims cannot be brought against government officials in their personal capacities. Further, he argues that an FMLA claim cannot be brought against the supervisor of a public agency. The plaintiff, Kate Lassila, concedes that defendant Webster is not subject to suit in his individual capacity under Title VII, the ADA and the NEFPA, but argues that defendant Webster is subject to suit in his individual capacity under the FMLA.

In the Eighth Circuit, "[i]f an individual meets the definition of employer as defined by the [FMLA], then that person should be subject to liability in his individual capacity." *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002). The plain language of the FMLA

permits suit against persons other than the employing entity and subjects such individuals to personal liability. *Id.* (noting that the FMLA defines "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer" and finding no reason to distinguish employers in the public sector from those in the private sector) (quoting 29 U.S.C. § 2611(4)(A)(ii)(I)).  Defendant Webster argues that the holding in *Darby* has been undermined by more recent cases in other circuits.  Whatever the merit to that assertion, this court is bound by the Eighth Circuit's ruling.  Accordingly,

IT IS ORDERED:

1.  Defendant Webster's motion to dismiss (Filing No. 18) is granted with respect to the plaintiff's Title VII, ADA, and NFEPA claims (Counts 1 through 6) against defendant Webster in his individual capacity and denied with respect to the plaintiff's FMLA claims (Counts 7 and 8) against defendant Webster in his individual capacity.

2.  Counts 1 through 6 are dismissed with respect to defendant Webster in his individual capacity.

3.  Defendant Webster shall file an answer or otherwise plead within 14 days of the date of this order.

DATED this 12th day of December, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.